Summers, J.
It is provided by Section» 141 of the Municipal Code of 1902 that the directors of public service shall have, the management of “all public buildings and other property of the corporation not otherwise provided for herein.” Section 145 provides that they “may employ such superintendents, inspectors, engineers, harbor masters, clerks, laborers, and other persons, as may be necessary for the execution of the powers and duties” of their department, and that they shall fix the compensation and bond of all persons appointed or employed by them, and that no person shall be removed except for cause satisfactory to said directors or a majority of them.
The principal contention is whether a liability on the part of the city may be incurred under these facts without an appropriation to meet it and without the filing with the city council of a certificate of the city auditor that money therefor is in the city treasury. Section 45 is as follows: “No contract, agreement or other obligation involving the expenditure of money shall be entered into, nor shall any ordinance, resolution or order for the expenditure of 111011639 be passed by the council or by any board or officer of a municipal corporation, unless the auditor of the corporation, and if there is 110 auditor, the clerk thereof, shall first certify to council that the money required for the contract, agreement or other obligation, or to pay the appropriation or expenditure, is in the treasury to the credit of the fund from which it is to be drawn, and not appropriated .for any other purpose, which certificate shall be filed and immediate^ recorded; and the sum so certified shall not thereafter be considered unappro *521 priated until the corporation is discharged from the contract, agreement or obligation, or so long as the ordinance, resolution or order is in force; and all contracts, agreements or other obligations, and all ordinances, resolutions and orders entered into or passed, contrary to the provisions of this section shall be void, and no party whatever shall have any claim or demand against the corporation thereunder; nor shall the council, or a board, officer, or commissioner of any municipal corporation, have any power to waive or qualify the limits fixed by such ordinance, resolution or order, or fasten upon the corporation any liability whatever for any excess of such limits, or release any party from an exact compliance with his contract under such ordinance, resolution or order; nor shall any member of the council, board, officer or commissioner of the corporation, have any interest in the expenditure'of money on the part of the corporation other than his fixed compensation; and a violation of any provision of this section shall disqualify the party violating it from holding any office of trust or profit in the corporation and render him liable to the corporation for all sums of money or other thing he may receive contrary to the provisions of this section, and if in office he shall be dismissed therefrom; provided, however, that the council of any city may authorize and the council of any village may make (subject to the provisions of Sections 2491 and 3551 of the Revised Statutes of Ohio) a contract with any person, firm or company for lighting the streets, alleys, lands, lanes, squares and public places in the municipal corporation, or for furnishing water to such corporation, or for the col *522 lection and disposal of garbage in said corporation, or for the leasing of the electric light plant and equipment, or the water works plant, or both, of any person, firm or company therein situated, for a period not exceeeding ten years, and the requirement of a certificate that the necessary money is in the treasury shall not apply to such contract; provided further, that such requirement shall not apply to street improvement contracts extending for one year or more, nor to contracts made by the board of health of any municipality, nor to contracts made by any village for the employment of legal counsel.”
This section comprises Sections 2699 and 2702 of the Revised Statutes (Bates’ 3d Edition). The latter part of it, omitting the provisos, is a literal copy of Section 2699, known as the Worthington law, and the former part is a copy of Section 2702, known as the Burns law. Prior to the enactment of the Worthington law it was provided by Section 656 of the Municipal Code of 1869 that “the council shall not make appropriations nor contract debts for the ordinary purposes of the corporation, exceeding the amount of taxes and revenues from other sources for the current year.” This, however, wholly failed to prevent municipalities from becoming deeply in debt for their ordinary expenses, and hence the occasion for the Worthington and Burns laws. The former applied only to. Cincinnati and was under consideration in State, ex rel., v. Hoffman, Auditor, 25 Ohio St., 328. The facts in that case are very similar to those in the present case. The board of improvements employed a superintendent of street improvements at stipulated wages per week, *523 and after he had performed a week’s service the board made a certificate in his favor authorizing the city áuditor to issue to him a warrant on the city treasury for the amount of his wages. The auditor refused to issue the warrant on two grounds: 1. That at the time of the employment and service of the relator there was no money in the treasury set apart to meet the expenditure; and 2. That he had not so certified to the city council, and it was held that he properly refused the warrant, notwithstanding after the employment the money had come into the treasury and then was set apart to meet the expenditure.
Section 2702 applied to all municipal corporations and was more specific than Section 2699.
The provisions of the new code do not indicate a relaxation of the legislative policy in this respect, but, if anything, an intention to make it more efficient.
Section 35 provides that on or before the first Monday in March of each year the several officers boards and departments of the municipality shall report an itemized estimate to the mayor and auditor of the municipality of the amount of money needed for their respective wants for each month of the incoming year. Practically the same thing is required by Section 37, and by Section 38 the mayor is required on the first day of April each year to submit to council an annual budget, and by Section 39 the council is required after examining and revising the budget to determine by ordinance the percentage to be levied for the purpose therein specified, and after its submission to the board of tax commissioners the council is, by Section 40, annually on or before the first *524 Monday in July to certify to the auditor of the county, the rate of taxes by it levied. It is provided that the ordinance “shall specify distinctly each and every purpose for which the levy is made and the per cent, thereof,” and by Section 41 it is provided that the corporation treasurer shall keep a separate account with each fund for which taxes are assessed (?) (levied), and “unless expressly otherwise provided by law, all money collected or received on behalf of the corporation shall be promptly deposited in the corporation treasury in the appropriate fund,” and “unless otherwise provided by law no money shall be drawn from the treasury except upon the warrant of the auditor pusuant to an appropriation by council”; and by Section 43 it is provided that “in all municipal corporations the council shall make, at the beginning of each fiscal half year, appropriations for each of the several objects for which the corporation has to provide, out of the moneys known to be in the treasury, or estimated to come into it during the six months next ensuing from the collection of taxes and all other sources of revenue. All expenditures within.the following six months shall be made with and within said appropriations and balances thereof.” Section 17, Revised Statutes, provides that an officer or agent of a municipal corporation, who is charged or intrusted with the construction, improvement, or keeping in repair of any building or work of any kind, or with the management or providing for any public institution, shall not make any contract binding or purporting to bind the municipal corporation, to pay any sum of money not previously appropriated for the purpose for which such contract is made, and remain *525 ing unexpended and applicable to such purpose, unless such officer or agent has been authorized to make such contract; and if any such officer or agent make or participate in making a contract without such appropriation or authority, he shall be personally liable thereon, and the municipal corporation in whose name or behalf the same was made shall not be liable thereon. These provisions not only clearly indicate an intention but expressly provide that the necessities of the municipality shall be estimated and itemized and that funds to meet them shall be appropriated and that the. expenses incurred shall be limited to the funds appropriated.
The fact that the management of all public buildings and authority to employ the persons necessary to effect that purpose are vested in the directors of public service, and the fact that expenses for the compensation of persons employed therein are excepted from the requirement of Section 143 that certain expenditures in their department must be authorized by ordinance, do not give them an absolute discretion, but their authority to incur a liability on the part of the city is subject to the limitation that funds to meet the liability have been appropriated and that the auditor has certified that the money is in the treasury.
The fact that the certificate of the auditor is required by Section 45 to be filed with the council and not with the board does not imply a legislative intention to limit the requirement of that section to expenses incurred by council. Section 44 requires that the auditor and treasurer monthly shall make up and forward to the mayor a statement of the balances in all funds, but it will not *526 be contended that because the statement is' sent to the mayor rather than to the board and officers that expend the funds that they are not concerned about a balance. At the time the original section was enacted the council in nearly all of the municipalities exercised administrative as well as legislative power. .Moreover the section expressly applies to boards and officers as well as to council.
The appropriations authorized by Section 43 are not limited to money already in the treasury but to that estimated to come into it from the collection of taxes and all other sources of revenue during the six months next, ensuing. If the requirement for the auditor’s certificate works an inconvenience it may be, in view of the authority conferred by Section 43 to make appropriations of money estimated to come into the treasury, that the code should be so amended as to except from the requirement all expenditures provided for by the appropriations, so as that, for the purpose of the certificate, money estimated to come into the treasury, in the existing fiscal half year, from the collection of taxes and all other sources of revenue, shall be deemed to be in the treasury. And if it is desirable that the certificate be filed and recorded in the department in which the expense is to' be incurred rather than with the city council that is a matter that may be easily provided for by legislation.
There is room for much improvement in the statutes relating to municipal corporations, and while perhaps it is not desirable that bills shall' be drawn by those whose duty it may be to interpret them when thejr become laws, yet the public interest may excuse if not require that the need *527 be at least suggested. Moved by such considerations, it may be said that there have been instances in which the councils of municipalities have provided for a larger police force, a larger fire force than was needed, and that they have been embarrassed because no way seemed to have been provided by which the expenses of the departments might be reduced so as not to be in excess of the appropriations which they thought proper to' make, and it is suggested that it might be well to prescribe a way and to require that in the appropriations made by the council at the beginning of each fiscal half year the amount allowed for the payment of salaries and wages of men in these departments shall be expressly appropriated.
Reference is made to decisions that certain contracts or expenses were not. subject to the requirement of the Burns law. It is sufficient to say that to prevent injustice or absurd consequences •they are based upon the ground that the legislature must have intended an exception, or on the ground that though within the letter they were not within the reason of the law, arid, since no such consequences will follow a literal interpretation of the law in the present instance and in view of the fact that in the present section many such consequences have been anticipated by the provisos, it would not be profitable to review them.
The case so far has been considered upon the implied admission that the rooms in the building have been leased or let by the city council and that the rentals have been paid into the city treasury. Section 2566, Revised Statutes (Bates’ 3d Edition), which was not repealed by the Code, pro *528 vides: “When there is a public hall, erected by taxation, in any city of the second class or village, and the building or any part thereof may not be needed for public business, the council shall lease the building or part thereof as the case may be, for private offices, lectures, or like purposes,” and' that the money received for rents shall be forthwith paid into the treasury of the municipal corporation. Section 24 of the code provides: “No contract for the sale or lease of any real estate shall be made unless authorized by an ordinance ■approved by the votes of two-thirds of all members elected to council, and by the board or officer having the supervision or management of said real estate,” and Section 26 provides that the money arising from the sale or lease of any real estate shall be paid into the treasury; and it is stated that the mayor’s office, the fire department and the jail also occupy this building. Whether or how these various provisions may be reconciled it is not now necessary to determine, for the reason ■that it seems clear that the rentals are required to be paid into the city treasury, and, that being so, the expense of a janitor could not be incurred .until there had been an appropriation and a certificate, whether the power of employment was in the board of public service or in the council.

Judgment affirmed.

Si-iauck, C. J., Price, Crew, Spear and Davis, JJ., concur.